Matter of Monet O. v Leroy L.B.

2026 NY Slip Op 02788

May 5, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Monet O., Petitioner-Appellant,

v

Leroy L.B., Respondent-Respondent.

Decided and Entered: May 05, 2026

|Docket No. V-15901/21 V-15716/21|Appeal No. 6510|Case No. 2025-01661|

Before: Webber, J.P., Moulton, Mendez, Higgitt, Michael, JJ.

Anne Reiniger, New York, for appellant.

Roven Law Group, P.C., New York (Janice G. Roven of counsel), for respondent.

The Children's Law Center, Brooklyn (Leah Edmunds of counsel), attorney for the child.

[*1]

Order, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about February 19, 2025, which, to the extent appealed from as limited by the briefs, after a hearing, directed petitioner mother to provide respondent father with the name and contact information of the psychologist whom the mother is required to engage to treat the subject child and to permit the father to speak with the psychologist and/or participate in the therapy at the discretion of the psychologist, and to provide the father with the mother's current residential address as well as any future change to that information, and permitted the father to send the child cards, gifts, or letters, no more than once every three months, unanimously modified, on the law, to the extent of vacating the provision directing the mother to disclose her address to the father and remanding for a hearing and a determination on the mother's request for address confidentiality; vacating the provision permitting the father's communication and involvement in the child's therapy and remanding for further proceedings, including consideration of an independent evaluation and, if appropriate, preparatory therapeutic intervention; and to qualify the provision permitting the father to send letters, gifts, and cards to the child by subjecting such correspondences and gifts to review by the attorney for the child to ensure that they contain no inappropriate content or questions, and otherwise affirmed, without costs.

Section 154-b(2)(a) of the Family Court Act authorizes the court, on its own motion or upon the motion of any party or the child's attorney, to permit the party or the child to keep his or her address confidential from an adverse party if the court finds that disclosure of the address or other identifying information would pose an unreasonable risk to the health or safety of a party or the child. Thus, the statute requires a fact-specific determination as to the possible effects of such disclosure. Although the mother sought an address confidentiality order and Family Court acknowledged the need for a separate hearing, ultimately holding the issue in abeyance, the record is devoid of any determination as to whether disclosure of the address would pose an unreasonable risk to the child. In the absence of such a finding, the directive requiring disclosure cannot be said to reflect a proper exercise of discretion.

[*2]

Family Court further erred in authorizing the father to communicate with the child's therapist and to participate in therapy at the therapist's discretion. This provision effectively delegates to the treating therapist the authority to determine whether, when, and under what circumstances the father may have contact with the child, which is an issue reserved to the court (see Matter of Richard CC. v Lacey DD., 243 AD3d 1186, 1189 [3d Dept 2025]). The directive also contradicts the court's finding that contact with the father would harm the child's mental health, and risks inhibiting the child's openness with the child's therapist if the child knows disclosures could be shared with or occur in the father's presence. Thus, the order undermines the therapeutic process and risks exacerbating, rather than alleviating, the child's emotional distress.

While there is a sound and substantial basis in the record for the determination that limited, indirect contact between the father and the child is in the child's best interests (see Matter of Robert M. v Barbara L., 227 AD3d 141, 145 [3d Dept 2024]), the attorney for the child should have an opportunity to review the correspondence in advance to ensure that it contains no inappropriate content or questions before it is given to the child. Pending a determination on the mother's request for address confidentiality, all correspondence from the father, whether letters, cards, or gifts, should be routed through the office of the attorney for the child for review and delivery, ensuring the child's safety and the mother's address remain protected.

The child's preferences with respect to this issue are entitled to some weight, but they are not dispositive, particularly in light of the child's age and the child's mental health issues (see Matter of Stephanie B. v Joshua M., 214 AD3d 431, 432 [1st Dept 2023]).

We have considered the remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 5, 2026